UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELIZABETH A. SULLIVAN, CAROL M. DUBOIS,   07 CV 11416
and JILL M. CASSAS,

                              Plaintiffs,

           -against-                          **VERIFIED ANSWER**

TOWN OF DEERPARK, MARK A. HOUSE,
Town Supervisor, sued in his individual capacity,
and WILLIAM R. WERNER, Police Chief, sued
in his individual capacity,

                              Defendants.
-----------------------------------------------------------------X

       Defendant named herein as **TOWN OF DEERPARK**, by its attorneys, **HODGES, WALSH & SLATER, LLP**, as and for an Answer to plaintiffs' Complaint dated December 17, 2007, allege upon information and belief as follows:

### I. INTRODUCTION

       FIRST:    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1" of the Plaintiff's Complaint and refers all questions of law to this Court.

### II. PARTIES

       SECOND:    Denies each and every allegation contained in paragraphs "6" of the Plaintiff's Complaint but admits Mark A. House was the Town Supervisor of the Town of Deerpark.

THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "7" of the Plaintiff's Complaint and refers all questions of law to this Court.

### III. JURISDICTION AND VENUE

FOURTH: Denies each and every allegation contained in paragraphs "8" and "10" of the Plaintiff's Complaint.

FIFTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "9" of the Plaintiff's Complaint.

### IV. FACTUAL AVERMENTS

SIXTH: Denies each and every allegation contained in paragraphs "12", "14", "15", "22", "25" and "27" of Plaintiff's Complaint.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "13", "16", "17", "18", "19", "20", "21", "23", "24" and "26" of the Plaintiff's Complaint.

### CAROL M. DuBOIS

EIGHTH: Denies each and every allegation contained in paragraphs "28", "30", "32", "33" and "41" of the Plaintiff's Complaint.

NINTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "29", "31", "34", "35", "36", "37", "39" and "40" of the Plaintiff's Complaint.

### JILL M. CASSAS

TENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "43" and "47" of the Plaintiff's Complaint.

ELEVENTH: Denies each and every allegation contained in paragraphs "44", "45", "46", "48" and "49" of the Plaintiff's Complaint.

## V. CAUSES OF ACTION

TWELFTH: Defendant, TOWN OF DEERPARK repeats and realleges each and every denial set forth in paragraphs "1" through "49" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

THIRTEENTH: Denies each and every allegation contained in paragraphs "51" and "52" of the Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FOURTEENTH: All claims asserted by plaintiffs under the laws of the State of New York are barred by plaintiffs' failure to file a Notice of Claim.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTEENTH: All claims asserted pursuant to Title VII of the Civil Rights Law based on the actions of defendants which occurred more than 180 days prior to the filing of the Charge of Discriminations with the EEOC are barred as untimely.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTEENTH: All claims asserted pursuant to Title VII of the Civil Rights Law are barred as plaintiffs have not been issued a right to sue letter by the EEOC.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTEENTH: Plaintiffs' claims for damages pursuant to Section 296 of the New York Human Rights Law are barred as against the municipal defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTEENTH: Actions of the individual co-defendants as claims in plaintiffs' Complaint were not pursuant to municipal policy or custom.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

NINETEENTH: Those claims predicated on occurrences more than three years before the filing of plaintiffs' Complaint are barred by the statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTIETH: The plaintiffs' Complaint fails to state a cause of action and/or claim upon which relief may be granted.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: The plaintiff's claims do not rise to the level of a constitutional violation as against the municipal defendant.

### AS AND FOR A NINTH AFFIRAMTIVE DEFENSE

TWENTY-SECOND: The plaintiffs did not suffer a materially adverse employment action as a result of the actions of the defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: The plaintiffs failed to mitigate damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: The plaintiff employee unreasonably failed to take advantage of preventive or corrective opportunities provided by the employer or to otherwise avoid harm.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH: The defendant had a readily accessible and effective policy for reporting and resolving complaints of sexual harassment.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH: The plaintiffs failed to exhaust all administrative remedies.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: The actions of defendants did not create a pervasive hostile work environment.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: The plaintiff's claim for punitive damages is barred by public policy and the laws of the State of New York.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-NINTH: The defendants acted in good faith and without malice.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

THIRTIETH: The plaintiff's damages, if any, were caused and/or contributed to by reason of the culpable conduct of the plaintiffs.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

THIRTY-FIRST: The plaintiff's damages, if any, were caused and/or contributed to by reason of the acts of the plaintiffs.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: Actions of defendants towards plaintiffs were based on legitimate, non-discriminatory rationale.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

THIRTY-THIRD: If found to be true, the Municipal defendant had no knowledge of nor acquiesced in, or subsequently condoned, any of the actions of co-defendants claimed in plaintiff's Complaint.

Dated: White Plains, NY
February 15, 2008

Yours, etc.

_____
John J. Walsh (4092)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendant
**Town of Deerpark**
55 Church Street, Suite 211
White Plains, NY 10601
Tel: (914) 304-4333
Fax: (914) 304-4335

TO: BERGSTEIN & ULLRICH, LLP (HU 6597)
Attorneys for Plaintiffs
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277

MIRANDA & SOKOLOFF
240 Mineola Blvd.
Mineola, NY 11501

DONALD L. FRUM
565 Taxter Road
Elmsford, NY 10523

# VERIFICATION

STATE OF NEW YORK          )
                           ) SS.:
COUNTY OF WESTCHESTER      )

I, THE UNDERSIGNED, AM AN ATTORNEY ADMITTED TO PRACTICE IN THE COURTS OF THE STATE OF NEW YORK, AND SAY THAT: I AM THE ATTORNEY OF RECORD, OR OF COUNSEL WITH THE ATTORNEY OF RECORD, FOR THE DEFENDANT, TOWN OF DEERPARK. I HAVE READ THE ANNEXED **VERIFIED ANSWER**, KNOW THE CONTENTS THEREOF, AND THAT SAME ARE TRUE TO MY OWN KNOWLEDGE, EXCEPT THOSE MATTERS THEREIN WHICH ARE STATED TO BE ALLEGED UPON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS THEREIN NOT STATED UPON KNOWLEDGE, IS BASED UPON THE FOLLOWING: MATERIAL IN THE FILE, INFORMATION AND DOCUMENTS CONTAINED IN SAID FILE.

Dated: White Plains, New York
       February 15, 2008

_____
JOHN J. WALSH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELIZABETH A. SULLIVAN, CAROL M. DUBOIS,          07 CV 11416
and JILL M. CASSAS,

                        Plaintiffs,          **NOTICE TO TAKE**
                                                     **DEPOSITION UPON ORAL**
      -against-                                 **EXAMINATION**

TOWN OF DEERPARK, MARK A. HOUSE,
Town Supervisor, sued in his individual capacity,
and WILLIAM R. WERNER, Police Chief, sued
in his individual capacity,

                        Defendants.
-------------------------------------------------------------X

**COUNSELORS:**

      **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules the testimony, upon oral examination, of the plaintiffs, ELIZABETH A. SULLIVAN, CAROL M. DUBOIS and JILL M. CASSAS, as adverse parties, will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the Law Office of Hodges, Walsh & Slater, LLP located at 55 Church Street, Suite 211, White Plains, NY on the **3rd day of April, 2008, at 10:00 a.m.** in the forenoon of that day with respect to evidence material and necessary in the defense of this action.

Dated: White Plains, NY
         February 15, 2008

Yours, etc.

*John J. Walsh (4092)*
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendant
**Town of Deerpark**
55 Church Street, Suite 211
White Plains, NY 10601
Tel: (914) 304-4333
Fax: (914) 304-4335

TO: BERGSTEIN & ULLRICH, LLP (HU 6597)
Attorneys for Plaintiffs
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277

MIRANDA & SOKOLOFF
240 Mineola Blvd.
Mineola, NY 11501

DONALD L. FRUM
565 Taxter Road
Elmsford, NY 10523

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ELIZABETH A. SULLIVAN, CAROL M. DUBOIS,        07 CV 11416
and JILL M. CASSAS,

                                  Plaintiffs,

      -against-

TOWN OF DEERPARK, MARK A. HOUSE,
Town Supervisor, sued in his individual capacity,
and WILLIAM R. WERNER, Police Chief, sued
in his individual capacity,

                                 Defendants.
----------------------------------------------------------------X

## VERIFIED ANSWER
## NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION

HODGES, WALSH & SLATER LLP
Attorneys for Defendants
TOWN OF DEERPARK
55 Church Street, Suite 211
White Plains, New York  10601
(914) 385-6000