UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELIZABETH A. SULLIVAN, CAROL M. DUBOIS
and JILL M. CASSAS,

                              Plaintiffs,

               -against-

TOWN OF DEERPARK, MARK A. HOUSE, Town Supervisor, sued in his individual capacity, and WILLIAM R. WERNER, Police Chief, sued in his individual capacity,

                             Defendants.
-----------------------------------------------------------------x

**ANSWER**

Docket No.
07 Civ. 11416 (SCR)

      Defendant WILLIAM R. WERNER, by his attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP as and for his answer to the complaint in the above-referenced action, sets forth as follows:

    1.    Denies the allegations contained in ¶ "1" of the complaint, and refers all questions of law to the Court for adjudication.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "2" of the complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "3" of the complaint.

    4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "4" of the complaint.

    5.    Admits the allegations contained in ¶ "5" of the complaint.

    6.    Denies the allegations contained in ¶ "6" of the complaint, and refers all questions of law to the Court for adjudication.

7. Admits the allegations contained in ¶ "7" of the complaint.

8. Denies the allegations contained in ¶ "8" of the complaint, and refers all questions of law to the Court for adjudication.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "9" of the complaint.

10. Denies the allegations contained in ¶ "10" of the complaint, and refers all questions of law to the Court for adjudication.

11. Admits the allegations contained in ¶ "11" of the complaint.

12. Denies the allegations contained in ¶ "12" of the complaint.

13. Denies the allegations contained in ¶ "13" of the complaint.

14. Denies the allegations contained in ¶ "14" of the complaint.

15. Denies the allegations contained in ¶ "15" of the complaint.

16. Denies the allegations contained in ¶ "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "18" of the complaint.

19. Denies the allegations contained in ¶ "19" of the complaint.

20. Denies the allegations contained in ¶ "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "22" of the complaint.

23. Denies the allegations contained in ¶ "23" of the complaint.

24. Denies the allegations contained in ¶ "24" of the complaint.

25. Denies the allegations contained in ¶ "25" of the complaint.

26. Denies the allegations contained in ¶ "26" of the complaint.

27. Denies the allegations contained in ¶ "27" of the complaint, and refers all questions of law to the Court for adjudication.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "28" of the complaint.

29. Admits the allegations contained in ¶ "29" of the complaint.

30. Denies the allegations contained in ¶ "30" of the complaint.

31. Denies the allegations contained in ¶ "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "33" of the complaint.

34. Denies the allegations contained in ¶ "34" of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "35" of the complaint.

36. Denies the allegations contained in ¶ "36" of the complaint.

37. Denies the allegations contained in ¶ "37" of the complaint.

38. Admits the allegations contained in ¶ "38" of the complaint.

39. Denies the allegations contained in ¶ "39" of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "40" of the complaint.

41. Denies the allegations contained in ¶ "41" of the complaint.

42. Denies the allegations contained in ¶ "42" of the complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "43" of the complaint.

44. Denies the allegations contained in ¶ "44" of the complaint.

45. Denies the allegations contained in ¶ "45" of the complaint.

46. Denies the allegations contained in ¶ "46" of the complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "47" of the complaint.

48. Denies the allegations contained in ¶ "48" of the complaint.

49. Denies the allegations contained in ¶ "49" of the complaint.

## CAUSES OF ACTION

50. As and for a response to ¶ "50", defendant repeats and realleges the responses to the allegations contained in ¶¶ "1" through "49" as if more fully set forth herein.

51. Denies the allegations contained in ¶ "51" of the complaint.

52. Denies the allegations contained in ¶ "52" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

53. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

54. Defendant is entitled to qualified immunity.

### THIRD AFFIRMATIVE DFEENSE

55. Plaintiffs' claims lack subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

56. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

57. Plaintiffs have unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

58. Plaintiffs are guilty of laches.

### SEVENTH AFFIRMATIVE DEFENSE

59. Plaintiffs have failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

60. To the extent that plaintiffs attempt to assert any claims under Title VII of the Civil Rights Act of 1964, they have failed to obtain a right to sue letter.

### NINTH AFFIRMATIVE DEFENSE

61. Plaintiffs have failed to file a notice of claim.

### TENTH AFFIRMATIVE DEFENSE

62. Plaintiffs did not suffer an adverse employment action.

### ELEVENTH AFFIRMATIVE DEFENSE

63. Plaintiffs' damages, if any, were caused and/or contributed to by reason of the culpable conduct of plaintiffs or third parties.

**WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
February 20, 2008

                                                MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
Counsel for Defendant WILLIAM R. WERNER

By: _____
BRIAN S. SOKOLOFF (bss-7147)
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676
Our File No. 08-057

TO:    BERGSTEIN & ULLRICH, LLP
Attorneys for Plaintiffs
15 Railroad Avenue
Chester, New York 10918

HODGES, WALSH & SLATER, LLP
Attorneys for Defendant TOWN OF DEERPARK
55 Church Street, Suite 211
White Plains, New York 10601

LAW OFFICES OF DONALD L. FRUM
Attorneys for Defendant MARK A. HOUSE
565 Taxter Road
Elmsford, New York 10523

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) s.s.:
COUNTY OF NASSAU     )

**MERLISA ANDREWS**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Jamaica, New York.

That on February 20, 2008, deponent served the within **ANSWER** upon:

BERGSTEIN & ULLRICH, LLP
Attorneys for Plaintiffs
15 Railroad Avenue
Chester, New York 10918

HODGES, WALSH & SLATER, LLP
Attorneys for Defendant TOWN OF DEERPARK
55 Church Street, Suite 211
Elmsford, New York 10523

LAW OFFICE OF DONALD L. FRUM
Attorneys for Defendant MARK A. HOUSE
565 Taxter Road
Elmsford, New York 10523

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
**MERLISA ANDREWS**

Sworn to before me this 20th day
Of February, 2008.

_____
NOTARY PUBLIC

BRIAN S. SOKOLOFF
Notary Public, State of New York
No. 02SO4914710
Qualified in Queens County
Commission Expires November 23, 2009